■  NICOLETTA MANENTE, as Administratrix of the Estate of NICOLA MANENTE, Deceased, Respondent, v. SORECON CORPORATION, Appellant, et al., Defendant.— In an action to recover damages for personal injury sustained by the original plaintiff, Nicola Manente, who died during the pendency of this appeal, apparently from a cause not connected with such injury, defendant Sorecon Corporation appeals from a judgment of the Supreme Court, Richmont County, entered November 17, 1961 after trial upon a jury's verdict, in favor of said original plaintiff. (For prior appeal in this action, see 14 A D 2d 806; for related appeal, see 14 A D 2d 972.) Judgment reversed on the facts and a new trial granted, with costs to abide the event. In our opinion, the verdict was against the weight of the credible evidence. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■  NEW ROCHELLE WATER COMPANY, Respondent, v. CITY OF NEW ROCHELLE, Appellant.— In an action to recover damages for breach of a contract whereunder the defendant, the City of New Rochelle, *inter alia,* agreed under certain conditions to compensate the plaintiff water company for relocating its facilities, the city appeals: (1) from an order of the Supreme Court, Westchester County, dated April 10, 1962, which granted plaintiff's motion for summary judgment, struck out the city's answer; directed that judgment be entered in plaintiff's favor; and denied said city's cross motion for summary judgment; and (2) from the judgment of said court, entered April 27, 1962 on said order, in favor of plaintiff against said defendant city for $33,995.95 (see 34 Misc 2d 952). Order modified: (a) by striking out so much of its decretal paragraph as granted plaintiff's motion, struck out the answer, and directed the entry of a summary judgment in plaintiff's favor; and (b) by substituting therefor a provision denying plaintiff's said motion. As so modified, order affirmed, without costs. The judgment is vacated. The common-law duty of a utility to relocate its facilities at its own expense, when public convenience or necessity so requires, may be changed by contract between the utility and a municipal corporation so that relocation expenses are borne by the municipality (*Parfitt* v. *Furguson,* 3 App. Div. 176, affd. 159 N. Y. 111; see *Transit Comm.* v. *Long Is. R. R. Co.,* 253 N. Y. 345). In our opinion, the city's liability for plaintiff's relocation expenses may have been subject to conditions concerning which, upon this record, factual issues exist. The existence of such issues precludes the granting of summary judgment in favor of either party. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.