[827 NE2d 276, 794 NYS2d 293]

CITY OF NEW YORK, Respondent, v VERIZON NEW YORK, INC., et al., Appellants.

Argued February 16, 2005; decided March 24, 2005

### POINTS OF COUNSEL

*Blank Rome LLP,* New York City (*Harris N. Cogan, Michael S. Simon, Joseph N. Cordaro* and *Stephen J. Meyer* of counsel), for appellants. Section 24-521 of the Administrative Code of the City of New York, by its plain language, applies exclusively to underground facilities and not to overhead facilities. (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Rosner v Metropolitan Prop. & Liab. Ins. Co.,* 96 NY2d 475; *Matter of Hernandez v Barrios-Paoli,* 93 NY2d 781; *Matter of Brown v Wing,* 93 NY2d 517; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98; *A.J. Temple Marble & Tile v Union Carbide Marble Care,* 87 NY2d 574; *Matter of Excellus Health Plan, Inc. v Serio,* 2 NY3d 166; *Riley v County of Broome,* 95 NY2d 455; *Matter of Branford House v Michetti,* 81 NY2d 681.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Suzanne K. Colt* and *Pamela Seider Dolgow* of counsel), for respondent. Administrative Code of the City of New York § 24-521 (b) does not contain an exemption from the duty to remove utility interferences in city streets in cases where the installations are above ground, and such an exemption should not be read into the statute. Verizon New York, Inc.'s interpretation of the relevant Administrative Code sections as applying only to its underground facilities is contrary both to the Administrative Code's plain language and to its manifest purpose. Thus, the Supreme Court properly denied Verizon's motion to dismiss. (*New Orleans Gas-Light Co. v Louisiana Light & Heat Producing & Mfg. Co.,* 115 US 650; *New York Elec. Lines Co. v Empire City Subway Co.,* 235 US 179; *Transit Commn. v Long Is. R.R. Co.,* 253 NY 345; *New York City Tunnel Auth. v Consolidated Edison Co. of N.Y.,* 295 NY 467; *Matter of Consolidated Edison Co. of N.Y. v Lindsay,* 24 NY2d 309; *Matter of Diamond Asphalt Corp. v Sander,* 92 NY2d 244; *City of New York v Consolidated Edison Co. of N.Y.,* 114 AD2d 217; *Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Matter of Excellus Health Plan, Inc. v Serio,* 2 NY3d 166.)

*Patterson, Belknap, Webb & Tyler LLP,* New York City (*Saul*

*B. Shapiro, Naomi J. Schrag, Kathleen H. Scopp* and *Abby F. Strauss* of counsel), for Time Warner Cable of New York City, amicus curiae.

## OPINION OF THE COURT

ROSENBLATT, J.

Operating as a penal provision, New York City Administrative Code § 24-521 requires utility companies to relocate certain facilities when necessary to accommodate public works projects. If a utility does not promptly comply with a removal order from the City, the Code subjects the utility to a fine and its executives to possible imprisonment (*see* Administrative Code §§ 19-149, 19-150).

Section 24-521 (a) states that "[w]henever any sewer, culvert, water main or pipe is to be constructed, altered or repaired in any street in which the pipes, mains or conduits of public service corporations are laid, the contractor therefor shall give notice thereof in writing to such corporations, at least forty-eight hours before breaking ground therefor." The statute goes on to provide that when utilities receive notice, they must "remove or otherwise protect and replace their pipes, mains and conduits, and all fixtures and appliances connected therewith or attached thereto" (Administrative Code § 24-521 [b]). We are called upon to interpret section 24-521 and determine whether it extends to aboveground poles and wires.

Verizon New York, Inc., a public utility, maintains overhead telephone poles and wires in the City of New York. The City hired a contractor to build sewers in Queens. In December 2000, the contractor notified Verizon that certain facilities (aboveground telephone poles and wires) had to be relocated to make way for the construction scheduled to begin the following month. The contractor and Verizon could not agree on a plan for removing the facilities. On February 5, 2001, the City's Department of Design and Construction issued an "order out" directing Verizon to remove or reconfigure its facilities so the sewer project could begin. Verizon complied 103 days late, after it had negotiated a price for the work. The City assessed a penalty of $515,000 against Verizon—$5,000 for each day it was late in complying with the order out—as provided by Administrative Code § 19-150, and then brought this enforcement proceeding in Supreme Court.

Verizon moved to dismiss, arguing that Administrative Code § 24-521 does not apply to aboveground facilities. Disagreeing,

the court denied the motion. With one Justice dissenting, the Appellate Division affirmed and certified to us the question whether its order was properly made. We conclude that it was not.

Utility companies have a longstanding common-law obligation to move their facilities when they interfere with municipal work projects.[1] In *Transit Commn. v Long Is. R.R. Co.* (253 NY 345, 351 [1930]), this Court explained that a utility's privilege to maintain its facilities came at the cost of "mak[ing] such changes as the public convenience and security require, at its own cost and charge."[2] There is, then, absolutely no question that a utility must relocate its facilities and pay for the task.[3]

The question before us is simply whether the City may assess a fine against Verizon based on the text of the Administrative Code. Here, the City did not pursue actual damages that it would be entitled to at common law, but rather relied on a Code provision making a penalty available without regard to actual damages. The language of section 24-521—"pipes, mains and conduits, and all fixtures and appliances connected therewith or attached thereto"—is ambiguous and does not explicitly refer to facilities above or below ground. In the municipal utility setting before us, "pipes" and "mains," however, are generally thought of as underground facilities. Perhaps most tellingly, section 24-521 also refers to facilities as being laid "in any street." Statutory language should be read in context. We, therefore, construe the word "conduits," like the other terms in the section, to refer only to underground facilities.

Because section 24-521, in conjunction with section 19-150, is a penal provision, we must construe it narrowly and are not inclined to stretch the Code's text to include telephone poles and aboveground wires. This Court has long held that "[a] statute awarding a penalty is to be strictly construed, and before a recovery can be had a case must be brought clearly within its

---

1. *See e.g. Matter of Deering*, 93 NY 361, 362 (1883); *Chicago, Burlington, & Quincy Ry. Co. v People of State of Ill.*, 200 US 561, 587 (1906).

2. *See also New York City Tunnel Auth. v Consolidated Edison Co. of N.Y.*, 295 NY 467, 474-475 (1946); *Matter of Diamond Asphalt Corp. v Sander*, 92 NY2d 244, 249 (1998), *rearg denied* 92 NY2d 921 (1998).

3. As Supreme Court observed, a utility may hire the City's contractor to perform the necessary interference work, hire its own contractor, or do the work itself, but it may not leave interfering facilities in place and delay projects until it finds the best price for the work (*see also City of New York v Consolidated Edison Co.*, 114 AD2d 217, 220 [1st Dept 1986]).

terms."[4] Indeed, when there is reasonable doubt surrounding the interpretation of a statute, "the party, of whom the penalty is claimed, is to have the benefit of it" (*Goodspeed v Ithaca St. Ry. Co.*, 184 NY 351, 354 [1906]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 271).

Section 24-521 operates as a penal statute because it imposes civil fines without regard to the City's actual costs. The City does not argue the penalties are remedial. Indeed, violating the Code provision can lead to jail time (*see* Administrative Code §§ 19-149, 19-150). The City Council may, of course, clarify the Code text as it sees fit. It is not for us, however, to move beyond the four corners of this penal provision to bring Verizon's conduct within its purview.

The order of the Appellate Division should be reversed, with costs, defendants' motion to dismiss granted and the certified question answered in the negative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO and READ concur; Judge R.S. SMITH taking no part.

Order reversed, with costs, defendants' motion to dismiss the complaint granted and certified question answered in the negative.

---

4. *Osborne v International Ry. Co.*, 226 NY 421, 426 (1919); *see also People v Benc*, 288 NY 318, 323 (1942) (mandating a narrow and strict construction of penal provisions).