■ Van Tulco, Inc., Respondent, v City of New York et al., Defendants, and New York Telephone Company et al., Appellants. [879 NYS2d 426]—

Orders, Supreme Court, New York County (Karen S. Smith, J.), entered April 17 and 22, 2008, which denied the respective motions by defendant public utilities for summary judgment, and, upon search of the record, granted partial summary judg-

ment in plaintiff's favor on the issue of adequacy of notice triggering the statutory duty to "remove or protect" facilities interfering with a public works project, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendant-appellant public utilities dismissing the complaint as against them.

Plaintiff, a contractor retained by the City of New York in 1990 to rebuild a bridge in Long Island City, sought delay damages allegedly caused by the defendant public utility companies' failure to timely move a gas main and telephone conduits after receiving notice from plaintiff that those facilities were impeding progress. While it is undisputed that public utilities have a long-standing common-law and statutory "obligation to move their facilities when they interfere with municipal work projects" (*City of New York v Verizon N.Y., Inc.*, 4 NY3d 255, 258 [2005]), there is no basis for plaintiff's claim that it could unilaterally require defendants to move their facilities simply by giving notice of the project. The common-law obligation (codified in Administrative Code of City of NY § 19-143) requires public utilities, upon receipt of such notice from a contractor, to "remove or otherwise protect and replace their pipes, mains and conduits . . . where necessary, under the direction of the commissioner" (subd [b]) of the New York City Department of Transportation.

Consistent with the statutory language, the practice at the time this project was undertaken was for the contractor and utility companies to negotiate the cost of the work, and only upon the City's issuance of a "work out" notice directing removal would the utility company be required to "immediately relocate" its facility (*see generally Matter of General Contrs. Assn. of N.Y. v Tormenta*, 259 AD2d 177, 179-180 [1999], *lv denied* 95 NY2d 754 [2000]). In this case, since the utilities established there was never a determination that removal of their facilities was necessary, or any direction from the City requiring their removal, these defendants were entitled to summary judgment dismissing the complaint. Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 31100(U).]