■ KEVIN CAPONE et al., Appellants, v CASTELTON COMMODITIES INTERNATIONAL LLC, Formerly Known as LOUIS DREYFUS HIGHBRIDGE ENERGY LLC, et al., Respondents, et al., Defendants. [48 NYS3d 583]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 29, 2016, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' (defendants) motion to dismiss the causes of action for tortious interference with contract, unjust enrichment, veil-piercing, and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, with costs.

Section 9.9 (a) of the relevant agreement contains a clear exculpatory provision that, standing alone, supports the motion court's dismissal of the claims alleged against defendants (*see e.g. Elf Atochem N. Am., Inc. v Jaffari*, 727 A2d 286, 291 [Del 1999]; Del Code Ann, tit 6, § 18-1101). The Delaware Limited Liability Company (LLC) Act was designed to "give the maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements" (Del Code Ann, tit 6, § 18-1101 [b]). Plaintiffs' public policy argu-

ments that this section should not apply are unavailing, as the Delaware LLC Act's broad authorization to eliminate all liability also embraces the power to more narrowly specify the persons who may or may not be sued.

Plaintiffs' claims against defendants would fail even without this exculpatory provision. A nonsignatory to a valid contract, such as defendants here, cannot be held liable for unjust enrichment when the claim covers the same subject matter as covered in the written agreement (*Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 464 [1st Dept 2012], *lv denied* 19 NY3d 804 [2012]; *CIM Urban Lending GP, LLC v Cantor Commercial Real Estate Sponsor, L.P.*, 2016 WL 768904, *2, 2016 Del Ch LEXIS 47, *5-6 [Feb. 26, 2016, C.A. No. 11060-VCN]). The tortious interference claim fails because plaintiffs have not alleged that defendants have acted with malice (*Felsen v Sol Cafe Mfg. Corp.*, 24 NY2d 682, 687 [1969]).

The implied covenant claim fails because the agreement expressly addresses the conduct at issue (*see Nationwide Emerging Mgrs., LLC v Northpointe Holdings, LLC*, 112 A3d 878, 896 [Del 2015]).

The motion court properly dismissed the veil-piercing claims, as plaintiffs' allegations are not sufficient to support such a claim, especially in light of their concession that the entities were established for a legitimate business purpose (*see Wallace v Wood*, 752 A2d 1175, 1184 [Del Ch 1999]; *3 E. 54th St. N.Y., LLC v Patriarch Partners, LLC*, 90 AD3d 418, 420 [1st Dept 2011]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.

Motion to take judicial notice of ruling in the Delaware Court of Chancery granted.