Port Auth. of N.Y. & N.J. v Brooklyn Union Gas Co. (2020 NY Slip Op 00628)





Port Auth. of N.Y. & N.J. v Brooklyn Union Gas Co.


2020 NY Slip Op 00628


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01123
 (Index No. 13200/05)

[*1]Port Authority of New York and New Jersey, respondent, 
v
Brooklyn Union Gas Company, et al., appellants, et al., defendant.


John F. Hastings (Lynch Rowin LLP, New York, NY [Marc Rowin], of counsel), for appellants.
Sajaa S. Ahmed, New York, NY (Juan M. Barragan of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for unjust enrichment, the defendants Brooklyn Union Gas Company and Keyspan Energy Delivery and/or Keyspan Corporation appeal, and the defendants AT & T Communications of New York, Inc., and AT & T Corp. separately appeal, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 19, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Brooklyn Union Gas Company and Keyspan Energy Delivery and/or Keyspan Corporation and the defendants AT & T Communications of New York, Inc., and AT & T Corp., and denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Brooklyn Union Gas Company and Keyspan Energy Delivery and/or Keyspan Corporation and the defendants AT & T Communications of New York, Inc., and AT & T Corp. are denied, and those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are granted.
In May 1996, the plaintiff approved the "AirTrain" construction project to connect John F. Kennedy International Airport to the Long Island Railroad and subway stations in Jamaica, Queens, and Howard Beach, Queens, via light rail. In connection therewith, the plaintiff entered into a contract with Air Rail Transit Consortium (hereinafter ARTC) for the design, construction, operation, and maintenance of the AirTrain project. The contract provided, inter alia, that if ARTC was required to relocate any existing utility as a result of the project, which relocation work could be performed by the utility owner itself, then any costs associated with said relocation work paid by ARTC would be compensated from a fund established by the contract and known as the "Maximum Contingency Amount" (hereinafter the contingency fund).
During the course of the AirTrain project, the defendants Brooklyn Union Gas Company and Keyspan Energy Delivery and/or Keyspan Corporation (hereinafter together the [*2]Keyspan defendants) and the defendants AT & T Communications of New York, Inc., and AT & T Corp. (hereinafter together the AT & T defendants) were required to relocate certain utility lines and facilities. The Keyspan defendants and the AT & T defendants submitted invoices for their relocation work to ARTC. ARTC paid the invoices and subsequently was reimbursed by the plaintiff from the contingency fund.
Several years after the payments were made and the project was completed, the plaintiff commenced separate actions against the Keyspan defendants and the AT & T defendants, alleging unjust enrichment and seeking recovery of the utility relocation payments. Following joinder of issue and consolidation of the actions, the Keyspan defendants and the AT & T defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against those defendants. In an order entered December 19, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the Keyspan defendants and the AT & T defendants, and denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The Keyspan defendants and the AT & T defendants separately appeal.
As the plaintiff observes, utility owners have a common-law obligation to relocate their facilities and lines at their own expense when public health, safety, or convenience requires such relocation (see City of New York v Verizon N.Y., Inc., 4 NY3d 255, 258; Matter of Consolidated Edison Co. of N.Y. v Lindsay, 24 NY2d 309, 316-317; Transit Commn. v Long Is. R.R. Co., 253 NY 345, 351). However, this common-law obligation may be altered by contract (see Lizza Indus. v Long Is. Light. Co., 44 AD2d 681, 682; New Rochelle Water Co. v City of New Rochelle, 18 AD2d 922, 922). Here, the Keyspan defendants and the AT & T defendants established that the plaintiff altered this common-law duty of those defendants by entering into a contract expressly providing that the relocation of utilities in connection with the AirTrain project could be performed by utility owners, and that any payments for such relocation would be made from the contingency fund.
The plaintiff seeks recovery pursuant to an unjust enrichment theory, but "[t]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement" (Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572; see Pappas v Tzolis, 20 NY3d 228, 234; Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516). "The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter" (Gargano v Morey, 165 AD3d 889, 892; see Pappas v Tzolis, 20 NY3d at 234; Goldman v Metropolitan Life Ins. Co., 5 NY3d at 572), and a third-party beneficiary of a contract cannot be held liable in quasi-contract where the contract governs the subject matter of the lawsuit (see Gargano v Morey, 165 AD3d at 892; Capone v Castelton Commodities Intl. LLC, 148 AD3d 506, 507).
Here, the subject contract expressly governed the relocation of utilities and the payment of the costs of such relocation. The Keyspan defendants and the AT & T defendants established that they were third-party beneficiaries of the contract by demonstrating " (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost'" (Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786, quoting Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336; see Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC, 152 AD3d 478, 480; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 822). Accordingly, as third-party beneficiaries, their rights are governed by the terms of the contract, and the plaintiff cannot maintain quasi-contract claims for unjust enrichment against them (see Gargano v Morey, 165 AD3d at 892).
The plaintiff relies upon language in article 39 of the contract generally reciting that contract provisions are not intended for the benefit of third parties unless otherwise specifically provided. However, the contract must be read " as a harmonious and integrated whole' to determine [*3]and give effect to its purpose and intent" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581, quoting Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358). A fair reading of the subject contract reveals an intent to benefit utility owners such as the Keyspan defendants and the AT & T defendants by providing compensation for their utility relocation expenses (see generally Bethpage Water Dist. v Hendrickson Bros., Inc., 138 AD2d 660, 661). Accordingly, the boilerplate "no third-party beneficiaries" language in the contract is unenforceable as against them, since the contract otherwise manifests an intent to benefit and afford contractual rights to third parties who incur expenses in relocating utilities (see Diamond Castle Partners IV PRC, L.P. v IAC/InterActivecorp, 82 AD3d 421, 421-423). Indeed, the provisions of the contract providing for the reimbursement of ARTC for utility relocation costs paid to third parties, which included utility owners, would be rendered meaningless if they were not intended to benefit the utility owners who performed the relocation work (see generally Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d at 581).
Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the Keyspan defendants and the AT & T defendants, whereas those defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the Keyspan defendants and the AT & T defendants, and granted those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of our determination, we need not reach the remaining contentions of the Keyspan defendants and the AT & T defendants.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court