Dragonetti Bros. Landscaping Nursery & Florist, Inc. v Verizon N.Y., Inc. (2022 NY Slip Op 05303)

Dragonetti Bros. Landscaping Nursery & Florist, Inc. v Verizon N.Y., Inc.

2022 NY Slip Op 05303

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 654342/20 Appeal No. 16282 Case No. 2021-01929 

[*1]Dragonetti Brothers Landscaping Nursery & Florist, Inc., Plaintiff-Appellant,
v
Verizon New York, Inc., Defendant-Respondent.

Kaufman Dolowich & Voluck, LLP, Woodbury (Erik A. Ortmann of counsel), for appellant.
Herrick, Feinstein LLP, New York (Alan D. Kaplan of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 28, 2021, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and based on documentary evidence, unanimously affirmed, without costs.
The allegations in the complaint demonstrate that defendant's "common-law obligation to move [or protect its] facilities when they interfere with municipal work projects" (City of New York v Verizon N.Y., Inc., 4 NY3d 255, 258 [2005]; see also Matter of Diamond Asphalt Corp. v Sander, 92 NY2d 244, 249 [1998]), was not triggered, since plaintiff, as the contractor hired by a municipal agency to prune trees, cannot "unilaterally require [utility companies] to move their facilities simply by giving notice of the project" (Van Tulco, Inc. v City of New York, 62 AD3d 567, 568 [1st Dept 2009], lv denied 13 NY3d 709 [2009]). Instead, either a direct order from the agency, or an interference agreement entered into between the contractor and utility company pursuant to a Section U provision in the procurement contract, is required (id. at 568; see, e.g., Perfetto Contracting Co., Inc. v Brooklyn Union Gas Co., 42 Misc 3d 1207[A] n 8, 2014 NY Slip Op 50004[U], [Sup Ct, Kings County 2014] [agency order issued to utility]; Matter of General Contrs. Assn. of N.Y. v Tormenta, 259 AD2d 177, 181-182 [1st Dept 1999], lv denied 95 NY2d 754 [2000]). Similarly, the public works contracts utterly refute plaintiff's contention that defendant was required to deem its work necessary (see CPLR 3211[a][1]).
Additionally, the complaint fails to state a cause of action for quantum meruit, account stated, and unjust enrichment. The quantum meruit claim fails because the substantive allegations in the complaint belie the conclusory allegation that defendant accepted the services at issue, and they failed to allege an expectation of compensation due to defendant's alleged refusals to agree that additional protective work was needed or pay for them (see Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 484 [1st Dept 1991]). The account stated claim fails because there was no alleged "agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (Ryan Graphics, Inc. v Bailin, 39 AD3d 249, 250 [1st Dept 2007]; see also Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 156 [1975] ["no written instrument" existed "by which the defendant . . . expressly obligated itself to make the payments required by the accounts stated"]). The unjust enrichment claim fails because, as with quantum meruit, there is no alleged "connection or relationship between the parties that could have caused reliance or inducement on the plaintiff's part" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]; accord Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
We have considered plaintiff's [*2]remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022