Baymen Indus., Ltd. v Empire City Subway Co. (Ltd.) (2024 NY Slip Op 00123)

Baymen Indus., Ltd. v Empire City Subway Co. (Ltd.)

2024 NY Slip Op 00123

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 650743/20 Appeal No. 1391 Case No. 2022-05492 

[*1]Baymen Industries, Ltd., Plaintiff-Appellant,
v
Empire City Subway Company (Limited), et al., Defendants-Respondents.

Rosenberg Fortuna & Laitman, LLP, Garden City (Brett D. Zinner of counsel), for appellant.
Herrick Feinstein LLP, New York (Alan D. Kaplan of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about October 27, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Supreme Court correctly dismissed the complaint in this action in which plaintiff, a street milling contractor, seeks payment from defendant utility companies for utility interference work performed in connection with plaintiff's contracts with the City of New York. While there is a common-law obligation for a utility company to move or protect its infrastructure in connection with public works, a public contractor, like plaintiff, "cannot unilaterally require [utility companies] to move their facilities simply by giving notice of the project"; rather, "either a direct order from the [City] , or an interference agreement entered into between [plaintiff and defendants] pursuant to a Section U provision in the procurement contract, is required" (Dragonetti Bros. Landscaping Nursery & Florist, Inc. v Verizon N.Y., Inc., 208 AD3d 1125, 1125 [1st Dept 2022]).
Here, there was no such directive by the City and plaintiff's contracts with the City did not contain a Section U provision. As such, the common-law duty was never triggered. The lack of directive from the City also negates plaintiff's contention that defendants had a statutory duty under Administrative Code of the City of New York § 19-143(b), because that section requires direction from a commissioner (see Van Tulco, Inc. v City of New York, 62 AD3d 567, 568 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).
Plaintiff's argument that its contracts with the City serve as directives to defendants or independently make defendants responsible for the interference work is unavailing. Contrary to plaintiff's contention, the interference work associated with defendants' hardware is not outside the scope of plaintiff's contracts with the City, as section D.5.12 of the contracts refers to adjustments to all hardware, not just City hardware. Also unavailing is plaintiff's argument that defendants' duty is imposed through incorporation by reference into the contracts of the Standard Highway Specifications, as the contracts do not incorporate any specific portion of the Standard Highway Specifications pertaining to interference work.
Given the lack of any duty to pay or agreement to accept the work, and the lack of a relationship between plaintiff and defendants, the claims for quantum meruit and
unjust enrichment were properly dismissed (see Dragonetti Bros., 208 AD3d at 1126).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024