## McQueen v City of New York

2025 NY Slip Op 30589(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 156942/2023

Judge: Shahabuddeen Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SHAHABUDDEEN A. ALLY                          PART 16M
                          *Justice*

---

QUIETEN MCQUEEN,

                                                    Plaintiff,

                              -against-

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF CORRECTION,

                                                    Defendants.

| |
|---|
| INDEX NO.         156942/2023 |
| MOTION DATE       4/12/2024 |
| MOTION SEQ. NO.       001 |

## DECISION & ORDER

---

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **DISMISSAL**: 1-10, 15-17

Plaintiff QUIETEN MCQUEEN ("Plaintiff") commenced this action by filing a Summons and Complaint on July 11, 2023. (Summons, dated May 31, 2023 (NYSCEF Doc. 1); Compl., dated May 31, 2023 ("Compl.") (NYSCEF Doc. 2)) Plaintiff alleges that defendant NEW YORK CITY DEPARTMENT OF CORRECTION (the "DOC") discriminated against Plaintiff on the basis of race and disability in violation of the New York State Human Rights Law (the "SHRL") and the New York City Human Rights Law (the "CHRL"). (Compl. ¶ 1) The Complaint asserts a single cause of action pursuant to New York City Administrative Code § 8-120(a)(8) for compensatory damages for emotional distress. (*Id.* at p. 5)

On January 22, 2024, the DOC and defendant CITY OF NEW YORK (together, "Defendants") moved, pursuant to CPLR Rule 3211(a)(4), (a)(5), and (a)(7), to dismiss the Complaint on the grounds that (1) Plaintiff's claim is barred in part by the doctrine of waiver and release; (2) there is another proceeding pending in the same forum between the same parties growing out of the same subject matter; (3) Plaintiff fails to state a cause of action under both the SHRL and the CHRL; and (4) the claim must be dismissed as against the DOC because it is not a suitable entity. (Notice of Mot., dated Jan. 22, 2024 (NYSCEF Doc. 3); Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl., Jan. 22, 2024 ("Defs.' Mem.") (NYSCEF Doc. 10)) Plaintiff submits opposition to the motion, and Defendants submit a reply. (Pl.'s Mem. of Law in Supp. of Opp. to the Defs.'

---

156942/2023 Quieten McQueen v. City of New York et al.                          **Page 1 of 6**
Mot. Seq. No. 001

Mot. to Dismiss, dated Apr. 1, 2024 ("Pl.'s Opp.") (NYSCEF Doc. 15); Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss the Compl., dated Apr. 11, 2024 ("Defs.' Reply") (NYSCEF Doc. 17))

For the reasons discussed below, Defendants' motion is **GRANTED**, and the Complaint is **DISMISSED**.

## I.    BACKGROUND

In June 2016, Petitioner, an African American man, was appointed as a Correction Officer for the DOC at Rikers Island. (Compl. ¶ 5, 8-9)

In 2022, Petitioner was arrested and charged with driving under the influence of alcohol. (*Id.* ¶ 14) As a result of that arrest, on or about July 18, 2022, Petitioner and the DOC entered into a Negotiated Plea Agreement ("NPA") to resolve disciplinary charges against Petitioner. (*Id.* ¶ 15; Affirm. of Assistant Corp. Counsel Rachel Kreutzer, dated Jan. 22, 2024 ("Kreutzer Affirm.") (NYSCEF Doc. 4), Ex. B ("NPA") (NYSCEF Doc. 6)) Pursuant to the NPA, Petitioner and the DOC agreed that Petitioner's penalty would be "limited probation for a period of One (1) YEAR limited to a conviction under any subsection of 1192 New York State Vehicle and Traffic Law or if found to be under the influence of alcohol while on duty." (NPA at p. 1) Petitioner also agreed to "periodic alcohol testing at [the DOC's] discretion." (*Id.*) Finally, Petitioner agreed to "waive[] [his] rights as a tenured employee for this probationary period and subject [him]self to termination as any other probationary employee." (*Id.* at p. 2)

On April 2, 2023, while Petitioner was still on probation pursuant to the NPA, Petitioner was accused by a coworker of having reported to work intoxicated. (Compl. ¶ 17; *see also* Kreutzer Affirm., Ex. C ("PDR") (NYSCEF Doc. 7) ("On April 2, 2023, at approximately 2356 hours, Assistant Deputy Warden Yasia Speights submitted a request for C.O. McQueen to be alcohol/drug tested.")) On April 3, 2023, the DOC ordered Petitioner to report to toxicology, where he was administered a breathalyzer test. (*See* Compl. ¶ 18-19; PDR at 1) According to the PDR, "Petitioner's toxicology breathalyzer results revealed a 0.082%, which is the legal definition of intoxication." (PDR at 1) Petitioner was immediately suspended and escorted from Rikers Island. (Compl. ¶ 20; PDR at 1)

On April 14, 2023, as a result of Petitioner's positive alcohol test, Petitioner's employment with the DOC was terminated. (*See* Compl. ¶ 22; PDR at 1)

A few days earlier, on April 10, 2023, Petitioner had entered into an in-patient substance abuse program allegedly for treatment for "his alcohol disability." (Compl. ¶ 21) He was released from the program on May 10, 2023. (*Id.* ¶ 24)

## II.    LEGAL STANDARD

CPLR 3211(a)(4) provides that a court may dismiss a pleading, or make any other such order as justice requires, where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States."

CPLR 3211(a)(5) provides that a court may dismiss a pleading where "the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statue of frauds."

CPLR 3211(a)(7) provides that a court may dismiss a pleading for failure to state a cause of action. On a motion to dismiss brought pursuant to CPLR 3211(a)(7), a court "must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 570-71 (2005) (internal quotation marks and citation omitted). When considering such a motion, however, a court need not accept as true "conclusory allegations of fact or law not supported by allegations of specific fact." *Wilson v. Tully*, 43 A.D.2d 229, 234 (1st Dep't 1998). Furthermore, "[i]n assessing the legal sufficiency of a claim, the Court may consider those facts alleged in the complaint, documents attached as an exhibit therefor or incorporated by reference . . . and documents that are integral to the plaintiff's claims, even if not explicitly incorporated by reference." *Dragonetti Bros. Landscaping Nursey & Florist, Inc. v. Verizon N.Y., Inc.*, 71 Misc. 3d 1214(A), at *2 (N.Y. Sup. Ct. N.Y. Cty. Apr. 28, 2021) (internal quotation marks and citation omitted), *aff'd*, 208 A.D.3d 1125 (1st Dep't 2022).

In the First Department, a defendant moving pursuant to CPLR 3211(a)(7) may rely on extrinsic evidence to challenge the pleading:

156942/2023 Quieten McQueen v. City of New York et al.
Mot. Seq. No. 001

Page 3 of 6

3 of 6

A CPLR 3211(a)(7) motion may be used by a defendant to test the facial sufficiency of a pleading in two different ways. On the one hand, the motion may be used to dispose of an action in which the plaintiff has not stated a claim cognizable at law. On the other hand, the motion may be used to dispose of an action in which the plaintiff identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action. As to the latter, the Court of Appeals has made clear that a defendant can submit evidence in support of the motion attacking a well-pleaded cognizable claim.

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*, 115 A.D.3d 128, 134 (1st Dep't 2014) (citing *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268 (1977); *Rovello v. Orofino Realty Co., Inc.*, 40 N.Y.2d 633 (1976)). "Where extrinsic evidence is used, [and the motion is *not* converted to one for summary judgment,] the standard of review under a CPLR 3211 motion is 'whether the proponent of the pleading has a cause of action, not whether he has stated one.'" *Biondi v. Beekman Hill House Apartment Corp.*, 257 A.D.2d 76, 81 (1st Dep't 1999) (quoting *Guggenheimer*, 43 N.Y.2d at 275), *aff'd*, 94 N.Y.2d 659 (2000). "'[T]he allegations are not deemed true[, and] [t]he motion should be granted where the essential facts have been negated beyond substantial question by the affidavits and evidentiary matter submitted.'" *Id.* (quoting *Blackgold Realty Corp. v. Milne*, 119 A.D.2d 512, 513 (1st Dep't 1986), *aff'd*, 69 N.Y.2d 719). "[I]f the defendant's evidence establishes that the plaintiff has no cause of action (i.e., that a well-pleaded cognizable claim is flatly rejected by the documentary evidence), dismissal would be appropriate." *Basis Yield Alpha Fund (Master)*, 115 A.D.3d at 135.

## III. DISCUSSION

Defendants' motion to dismiss must be granted for a number of reasons. *First*, New York City Administrative Code § 8-120, upon which Plaintiff expressly bases the single cause of action alleged in the Complaint, pertains only to orders issued by the New York City Commission on Human Rights after an administrative hearing. It cannot, therefore, serve as a basis for awarding compensatory damages in this action.

*Second*, a separate, earlier commenced proceeding involving the same parties, arising from the same set of facts, and asserting the same claims for discrimination under the SHRL and CHRL is pending before this Court. The Court recently issued a Decision and Order, dated February 18, 2025, in that earlier filed proceeding dismissing not only Plaintiff's disability discrimination

156942/2023 Quieten McQueen v. City of New York et al.
Mot. Seq. No. 001

Page 4 of 6

4 of 6

claims but also his challenge to the DOC's decision to terminate his employment pursuant to Article 78. *See McQueen v. City of New York et al.*, Index No. 155209/2023, Dkt. No. 18 (N.Y. Sup. Ct. N.Y. Cnty. Feb. 18, 2025) (J. Ally) (the "Article 78 Proceeding"). The factual allegations in the instant Complaint are essentially identical to the factual allegations in the Verified Petition commencing the Article 78 Proceeding. Due to the duplicative nature of this action, the Complaint should be dismissed under CPLR 3211(a)(4).

*Third*, even if the Court considers the merits, Plaintiff fails to state a cognizable claim. To the extent that Plaintiff alleges disability-discrimination claims under the SHRL and the CHRL, he fails to state a claim for the reasons set forth in the Court's February 18, 2025 Decision and Order in the Article 78 Proceeding.

To the extent that Plaintiff alleges that he was also discriminated against on the basis of his race, the claim must be dismissed for reasons similar to the disability-discrimination claims: the Complaint simply fails to allege *any* facts that give rise to an inference that Plaintiff's termination was motivated by a discriminatory animus based on race. Indeed, the claim rests on the single conclusory allegation that Plaintiff's termination "was at least in part, because of his race." (Compl. ¶ 29) That allegation, however, is patently insufficient to maintain the claim. *See Askin v. Dep't of Educ.*, 110 A.D.3d 621, 622 (1st Dep't 2013) ("Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegations in support of that claim, other than that she was 54 years old and was treated adversely under the State law or less well under the City HRL. Plaintiff's allegations in this respect amount to mere legal conclusions, and do not suffice to make out this element of her claim." (internal citation omitted)).

Finally, to the extent that Plaintiff alleges that he was suffered some form of disparate-impact discrimination, the claim must also be dismissed. To maintain such a claim, a plaintiff must "make out a prima facie case of disparate impact . . . [by] proving, by a preponderance of the evidence, that a facially neutral practice had a racially disproportionate effect." *N.Y.S. Office of Mental Health, Manhattan Psychiatric Ctr. v. N.Y.S. Div. of Human Rights*, 223 A.D.2d 88, 90 (3d Dep't 1996) (citing *Campaign for Fiscal Equity v. State of N.Y.*, 86 N.Y.2d 307, 322-23 (1995)). Here, Plaintiff fails to allege that any specific policy or practice of the DOC has or had a discriminatory impact based on race.

156942/2023 Quieten McQueen v. City of New York et al.                    Page 5 of 6
Mot. Seq. No. 001

Accordingly, it is hereby:

**ORDERED** that Defendants' motion, pursuant to CPLR Rule 3211(a)(4), (a)(5), and (a)(7), to dismiss (Seq. No. 1) is **GRANTED,** and the Complaint is **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that Defendants shall serve a copy of this Decision and Order upon Plaintiff and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence No. 1 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this action disposed in all court records.

This constitutes the decision and order of the Court.

| February 20, 2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SHAHABUDDEEN A. ALLY, A.J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| **APPLICATION:** | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **CHECK IF APPROPRIATE:** | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

156942/2023 Quieten McQueen v. City of New York et al.
Mot. Seq. No. 001

Page 6 of 6

[* 6]

6 of 6