■ RYAN GRAPHICS, INC., Doing Business as GRAPHICS COLOR, Respondent, v LAWRENCE BAILIN et al., Defendants, and ERNEST LAWRENCE GROUP, INC., Appellant. [833 NYS2d 448]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered March 30, 2006, which, insofar as appealed from, upon granting various aspects of plaintiff's motion for summary judgment, awarded plaintiff the sum of $34,667.77 against defendant Ernest Lawrence Group, Inc., unanimously reversed, on the law, without costs, and summary judgment as against defendant Ernest Lawrence Group, Inc. denied.

---

Plaintiff commenced this action against Lawrence Bailin, Ernest Lawrence Group, Inc. (the Group), and National Career Centers, Inc. (National), to recover on accounts stated. Bailin and the Group asserted a joint answer and claimed, among other things, that they were not liable to plaintiff because the accounts were based upon services and products contracted for and provided solely to National. National has not appeared in the action.

Plaintiff moved for summary judgment on its complaint, asserting that Bailin was the principal of both the Group and National, and that plaintiff had provided goods to defendants pursuant to agreements with Bailin, who acted on behalf of both the Group and National. Plaintiff demonstrated, through the affidavit of its president, that two separate accounts remained unpaid. Specifically, plaintiff sent invoices to the Group between February 26, 2002 and August 29, 2002; no objections were raised to the invoices and an open balance of $26,369.50 existed on the account. Plaintiff also sent invoices to National between November 30, 1999 and November 2001; no objections were raised to the invoices and an open balance of $9,548.70 existed on the account. Bailin and the Group opposed the motion, maintaining that neither Bailin nor the Group contracted with plaintiff, that any services or products were provided for National alone and that neither Bailin nor the Group was a guarantor of National's debts. These assertions were supported by the affidavit of Bailin.

Supreme Court granted plaintiff's motion and awarded plaintiff summary judgment against the Group and National.* Notably, the court stated that the denials of liability of Bailin and the Group were conclusory and insufficient to create triable issues of fact as to the Group's account. Judgment was subsequently entered against the Group for the $26,369.50 balance of its account, plus interest and costs, and against National for the $9,548.70 balance of its account, plus interest and costs. The Group appeals from that portion of the judgment which awarded plaintiff damages against it, and we reverse.

"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993], citing, inter alia, *Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151 [1975] and *Chisholm-Ryder Co. v Sommer & Som-*

---

* Supreme Court determined that triable issues of fact existed with respect to one $620 invoice that was billed solely to Bailin. That aspect of the order has not been challenged by plaintiff.

*mer*, 70 AD2d 429 [1979]). "An account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat the statement as an account stated. It cannot be used to create liability where none otherwise exists" (*M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 516 [1998], citing *Gurney, Becker & Bourne v Benderson Dev. Co.*, 47 NY2d 995, 996 [1979]; *see Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479 [1991]). Here, the Group denies that an underlying business relationship existed between it and plaintiff and offered evidence in opposition to the motion substantiating this assertion. Accordingly, a triable issue of fact is present regarding whether a basis exists for imposing liability on the Group for an account stated and summary judgment in plaintiff's favor against the Group should have been denied. Given the Group's denial of a business relationship with plaintiff, its failure specifically to dispute the individual invoices (CPLR 3016 [f]) is of no import (*see Harbor Seafood v Quality Fish Co.*, 194 AD2d 713 [1993]). Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.