◼ MINELLI CONSTRUCTION Co., INC., Appellant, v WDF INC. et al., Respondents, et al., Defendant. [20 NYS3d 530]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about February 18, 2015, which granted defendant WDF's motion for partial summary judgment dismissing that portion of the complaint's first cause of action seeking recovery of lost profits, unanimously affirmed, without costs.

The termination for convenience clause set forth in article 28 of the parties' subcontract is enforceable, without regard to WDF's good faith, or lack thereof, in invoking it (*see Watermelons Plus, Inc. v New York City Dept. of Educ.*, 76 AD3d 973, 974 [2d Dept 2010]; *Triton Partners v Prudential Sec.*, 301 AD2d 411, 411 [1st Dept 2003]; *Big Apple Car v City of New York*, 204 AD2d 109, 111 [1st Dept 1994]).

The "automatic conversion" language set forth in articles 26 and 28, providing for conversion of otherwise invalid default terminations into terminations for convenience, is clear on its face and also enforceable (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see also Crewzers Fire Crew Transp., Inc. v United States*, 111 Fed Cl 148, 156 [2013] [construing substantially identical automatic conversion provision], *affd* 741 F3d 1380 [Fed Cir 2014]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.