Federated Fire Protection Sys. Corp. v 56 Leonard St., LLC (2019 NY Slip Op 01538)





Federated Fire Protection Sys. Corp. v 56 Leonard St., LLC


2019 NY Slip Op 01538


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8598 651209/16

[*1]Federated Fire Protection Systems Corp., Plaintiff-Respondent,
v
56 Leonard Street, LLC, et al., Defendants, Lend Lease (US) Construction LMB Inc., Defendant-Appellant.


Quinn McCabe LLP, New York (Jonathan H. Krukas of counsel), for appellant.
Pepper Hamilton LLP, New York (Ira M. Schulman of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered August 30, 2017, which, to the extent appealed from, denied defendant Lend Lease's motion under CPLR 3211(a)(1) and (a)(7) to dismiss claims for wrongful termination, unjust enrichment and account stated, unanimously modified, on the law, to grant the motion to dismiss as to the unjust enrichment and account stated claims, and otherwise affirmed, without costs.
Lend Lease's core argument as to the wrongful termination claim, that there can be no scenario under which its termination of Federated would be "wrongful," is belied by the plain language of the Trade Contract itself. Paragraph 6.6 expressly contemplates the possibility that termination could be deemed wrongful and sets out the consequences of such determination, namely, that the termination is governed by article 20 rather than article 6 (see also Minelli Constr. Co., Inc. v WDF Inc., 134 AD3d 508 [1st Dept 2015]).
Supreme Court also appropriately recognized that the wrongful termination claim raises factual issues not resolved by the documentary evidence submitted by Lend Lease in support of its CPLR 3211(a)(1) motion. It was not determinable, on the record before the court, whether Lend Lease's termination was wrongful or instead justified by Federated's alleged defaults.
However, the court should have dismissed the unjust enrichment claim based on the plain language of ¶13.7 of the contract, in which Federated agreed that "any claims ... shall be based ... upon the Contract and the Contract Price." Federated's assertion of an unjust enrichment claim directly conflicts with its agreement at ¶13.7, since "[u]njust enrichment is a quasi-contract theory of recovery and is an obligation imposed by equity to prevent injustice in the absence of an actual agreement between the parties concerned'" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). To allow the claim to proceed, on the theory that pleading in the alternative is freely allowed, would impermissibly delete from the contract Federated's clear waiver of the right to do so in ¶13.7.
The account stated claim should have been dismissed in light of ¶13.7 as well. An account stated is an agreement, independent of the underlying agreement, as to the amount due on past transactions (1 NY Jur 2d, Accounts and Accounting § 8 [emphasis added]; see Ryan Graphics, Inc. v Bailin, 39 AD3d 249, 250 [1st Dept 2007]). Since such claim would not be "based upon the Contract" but instead upon the notion of a separate, independent agreement as to the correctness of Federated's invoices and the balance due, it is barred.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK