11th St. Assoc. LLC v City of New York (2021 NY Slip Op 01316)





11th St. Assoc. LLC v City of New York


2021 NY Slip Op 01316


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 650674/14 Appeal No. 13268 Case No. 2019-03770 

[*1]11th Street Associates LLC, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Rosenberg Calica & Birney LLP, Garden City (Ronald J. Rosenberg and Diana G. Attner of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered January 8, 2019, which, insofar as appealed from, denied plaintiff's motion for summary judgment on the complaint, unanimously affirmed, with costs.
Plaintiff owns a single room occupancy hotel in Manhattan. This action arises from plaintiff's efforts to recover for monies allegedly due under a memorandum of understanding (MOU) between the parties governing referrals of persons eligible for temporary emergency housing to plaintiff's facility (the HRA Clients).
Plaintiff failed to establish prima facie entitlement to summary judgment on its contract claim under the MO. The MOU's express language and plaintiff's own registration logs are sufficient to defeat its motion for summary judgment. Plaintiff did not submit copies of all the relevant signed registration logs for the rooms occupied by the persons at issue (the HRA Clients), which it was required to do under the MOU, and without which, the MOU states, "no payment is due." Plaintiff admits that numerous logs are missing, but attributes this to the HRA Clients' refusal to sign. This explanation does not account for gaps and inconsistencies in the logs that were submitted. Since the MOU conditioned defendants' payment obligation on the submission of registration logs, plaintiff's failure to submit complete logs is fatal to its motion (see High Tech Enters. & Elec. Servs. of NY, Inc. v Expert Elec., Inc., 113 AD3d 546, 547 [1st Dept 2014]).
Moreover, defendants sent plaintiff letters stating that the HRA Clients were no longer residing in the hotel — residence being a prerequisite to payment under the MOU — and that defendants would be ceasing payment. Defendants thereupon ceased making payment. Hence, even assuming that plaintiff made out its prima facie case, issues of fact would still preclude summary judgment on its contract claim under the MOU, as to whether the HRA Clients resided at the Hotel during the relevant time period.
Nor has plaintiff established entitlement to summary judgment on its account-stated claim. Defendant's challenge to payment goes to the parties' obligations under the MOU. The same factual issues that defeat the motion on its contract claim — that residence in the hotel was a prerequisite to payment under the MOU and HRA clients were no longer residing in the hotel  also defeat plaintiff's motion as to the account-stated claim. Thus, "[g]iven [defendant's] denial of a business relationship with
plaintiff, its failure specifically to dispute the individual invoices (CPLR 3016[f]) is of no import" (Ryan Graphics, Inc. v Bailinsee Harbor Seafood, 39 AD3d 249 [1st Dept 2007]; see also Harbor Seafood v Quality Fish Co., 194 AD2d 713 [1993]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021