**Surfside Solutions Inc. v DNA Tech Inc.**

2025 NY Slip Op 30638(U)

February 24, 2025

Supreme Court, New York County

Docket Number: Index No. 654278/2024

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYNN R. KOTLER**                    PART                08

*Justice*

---------------------------------------------------------------------X

SURFSIDE SOLUTIONS INC.

Plaintiff,

- v -

DNA TECH INC.,

Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654278/2024 |
| MOTION DATE | 01/08/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for _____ JUDGMENT - DEFAULT _____ .

This is an action for a breach of contract for a series of marketing and advertising agreements. Plaintiff now moves for an order pursuant to CPLR § 3215 granting it a default judgment against the contractual parties, defendant DNA Tech Inc. ("DNA"). Plaintiff seeks a money judgement on its first and second causes of action for $233,263.97 against DNA plus 12 percent interest. Plaintiff further seeks to recover its reasonable legal fees, costs and expenses in connection with the first and second causes of action. The motion has been submitted without opposition despite proof of service of notice of the motion on each of the defendants via first class mail. Therefore, the motion is considered on default. The court's decision follows.

Plaintiff has provided proof of service of the summons and complaint upon DNA via personal service upon Arman Siradeghyan, the owner of DNA, authorized to accept service as an officer and/or director, at 210 S Kenwood St, suite 200, Glendale, CA 91205, the primary residence of Siradeghyan (CPLR § 311 [a][1]). Despite such service, defendant has not answered the complaint and their time to do so has not been extended by the court. Therefore, plaintiff has established that the defendants have defaulted in appearing in this action.

**654278/2024  SURFSIDE SOLUTIONS INC. vs. DNA TECH INC.**
**Motion No.  001**

While a default in answering the complaint constitutes an admission of the factual allegations therein, and the reasonable inferences which may be made therefrom (*Rokina Opt. Co. v Camera King*, 63 NY2d 728 [1984]), plaintiff is entitled to default judgment in its favor, provided it otherwise demonstrates that it has a prima facie cause of action (*Gagen v Kipany Prods.*, 289 AD2d 844 [3d Dept 2001]). An application for a default judgment must be supported by either an affidavit of facts made by one with personal knowledge of the facts surrounding the claim (*Zelnik v Bidermann Indus. U.S.A.*, 242 AD2d 227 [1st Dept 1997]; CPLR § 3215[f]) or a complaint verified by a person with actual knowledge of the facts surrounding the claim (*Hazim v Winter*, 234 AD2d 422 [2d Dept 1996]; CPLR § 105[u]).

The motion is supported by a sworn affidavit of Jonathon Lowen, Co-CEO and Co-Founder of the plaintiff, who states based upon personal knowledge that the parties entered into contracts for plaintiff to provide marketing services to DNA. Plaintiff has provided copies of each contract entered into by the parties as well as nineteen invoices sent to DNA in the normal course of plaintiff's business. DNA has neither paid nor disputed any of the invoices that total an outstanding amount of $233,263.97.

DNA has also agreed to litigate in New York as each contract contains terms and conditions that state "[a]ny litigation arising out of this Agreement shall be litigated exclusively in the state or federal courts located in the State of New York." The terms and conditions also state that interest may be charged "at a rate equal to the lower of: (i) 12% per year, or (ii) the highest rate permitted under applicable law."

The complaint asserts two causes of action. The first is for account stated and the second is for breach of contract. An account stated exists when bills, invoices or statements evidence a party's indebtedness and that party does not object within a reasonable time (*Russo v Heller*, 80

**654278/2024 SURFSIDE SOLUTIONS INC. vs. DNA TECH INC.**
**Motion No. 001**

**Page 2 of 4**

[* 2]

2 of 4

AD3d 531 [1st Dept 2011]; see also *Ryan Graphics, Inc. v Bailin*, 39 AD3d 249 [1st Dept 2007]). Accordingly, plaintiff has demonstrated a *prima facia* cause of action for account stated against DNA and is awarded a money judgment for $233,263.97 for unpaid invoices, together with interest from the median date of plaintiff's invoices, October 15, 2022, which were dated between September 30, 2021, and October 31, 2023 (CPLR § 5001; *see Hanover Data Servs. v Arcata Natl. Corp.*, 115 AD2d 403, 404 [1st Dept 1985]).

Plaintiff further seeks reasonable attorney's fees, costs and expenses. Plaintiff asserts that pursuant to the terms agreed to by the parties they are entitled to attorney's fees, but plaintiff has not pointed to the language in the agreement that establishes this. Plaintiff's counsel has also not provided evidence of their bills or invoices in relation to this litigation to the court.

Since plaintiff has prevailed on its account stated-based cause of action, the court *sua sponte* dismisses as duplicative the second cause of action.

**CONCLUSION**

In accordance herewith, it is hereby

**ORDERED** that plaintiff's motion is granted to the extent that plaintiff is entitled to a default judgment against defendant DNA on the first cause of action; and it is further

**ORDERED** that the Clerk is directed to enter a money judgment in favor of plaintiff Surfside Solutions Inc. and against defendant DNA Tech Inc., for $233,263.97 together with interest at a rate of twelve percent from October 15, 2022; and it is further

**ORDERED** that plaintiff's motion for attorney's fees is denied without prejudice to renew within 30 days to provide proof of legal services rendered; and it is further

**ORDERED** that plaintiff's second cause of action for breach of contract is dismissed *sua sponte*.

**654278/2024 SURFSIDE SOLUTIONS INC. vs. DNA TECH INC.**
Motion No. 001

Page 3 of 4

Any requested relief not expressly addressed herein has nonetheless been considered and is here-by expressly rejected and this constitutes the decision and order of the court.

| __2/24/2025__ | | |
|---|---|---|
| **DATE** | | **LYNN R. KOTLER, J.S.C.** |

CHECK ONE:    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

[ ] GRANTED    [ ] DENIED    [X] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

**654278/2024  SURFSIDE SOLUTIONS INC. vs. DNA TECH INC.**
**Motion No. 001**

**Page 4 of 4**

4 of 4

[* 4]