| |
|---|
| **Impark HSW LLC v RFR Realty LLC** |
| 2026 NY Slip Op 30721(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 659778/2024 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-------------------------------------------------------------------------------X

IMPARK HSW LLC, IMPERIAL PARKING (U.S.), LLC,

                              Plaintiffs,

                   - v -

RFR REALTY LLC, RFD THIRD AVENUE I ASSOCIATES
LLC, EAST 78TH GARAGE LLC

                          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659778/2024 |
| **MOTION DATE** | 04/30/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for               DISMISSAL               .

APPEARANCES:

      Herlihy LLP, White Plains, New York (Matthew Hannon
      Herlihy, Esq., of counsel) for plaintiffs.

      Charles E. Boulbol, Brooklyn, New York (Charles E. Boulbol.
      Esq., of counsel) for defendants RFR REALTY LLC and RFD
      THIRD AVENUE I ASSOCIATES LLC.

HON. EMILY MORALES-MINERVA:

      In this action sounding in breach of contract, account

stated, and unjust enrichment, defendants RFR REALTY LLC and RFD

THIRD AVENUE I ASSOCIATES LLC[1] move, by pre-answer notice of

motion (sequence number 01), for an order dismissing the

complaint based upon documentary evidence (see CPLR § 3211 [a]

---

[1] Defendant EAST 78TH GARAGE LLC has not answered or otherwise appeared in the instant action.

**659778/2024 IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL**
**Motion No. 001**

                                                  **Page 1 of 20**

[* 1]

[1]), and/or due to plaintiffs' failure to state a cause of action (see CPLR § 3211 [a] [7]).

Plaintiffs IMPARK HSW LLC and IMPERIAL PARKING (U.S.), LLC oppose and cross-move, by notice of motion (sequence number unassigned), for leave to amend its complaint, pursuant to CPLR § 3025. Defendants submit opposition to the cross-motion.

For the reasons set forth below, defendants' motion to dismiss is granted entirely, and plaintiffs' cross-motion to amend the complaint is denied.

BACKGROUND

Defendant RFD THIRD AVENUE I ASSOCIATES LLC (RFD Third Avenue) was the owner of a parking garage located at 188 East 78th Street, New York, New York (premises) (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, complaint). On December 08, 2003, plaintiff IMPARK HSW LLC (garage manager) and RFD Third Avenue entered into a three-year garage management agreement (Agreement), pursuant to which garage manager agreed to provide parking management services at the premises (see NYSCEF Doc. No. 03, exhibit A to complaint, garage management agreement between defendant RFD THIRD AVENUE I ASSOCIATES LLC, as owner, and plaintiff IMPARK HSW LLC, as garage manager, dated December 08, 2003, and terminating on December 31, 2006). In

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL          Page 2 of 20
Motion No.  001

2 of 20

[* 2]

exchange, RFD Third Avenue agreed to compensate garage manager in accordance with the terms of the Agreement (see id., at § 12 ["Management Fee"]).

Further, the Agreement provides:

> "Owner shall have no personal liability under this Agreement. Garage Manager shall look solely to Owner's estate and interest in the [premises] for the satisfaction of any right of Garage Manager for the collection of a judgment or other judicial process or arbitration award requiring the payment of money by owner, subject, however, to the prior rights of any Superior Mortgagee or Superior Lessor, and no other property or assets of Owner, Owner's agents, incorporators, shareholders, officers, directors, partners, principals (disclosed or undisclosed) or affiliates shall be subject to levy, lien, execution, attachment, or other enforcement procedure for the satisfaction of Garage Manager's rights and remedies under or with respect to this Agreement, the relationship of Owner and Garage Manager hereunder or under law, or Garage Manager's use and occupancy of the Garage or any other liability of Owner to Garage Manager"

(id., at § 21.1 ["Exculpation; Damage"]).

On that same date, garage manager and RFD Third Avenue executed a written modification of the Agreement in the form of a letter (see NYSCEF Doc. No. 03, exhibit A to complaint, modification letter between RFD Third Avenue and garage manager, also dated December 08, 2003). The letter modified certain terms of the Agreement not relevant to the instant action.

659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL          Page 3 of 20
Motion No. 001

3 of 20

On April 22, 2004, RFD Third Avenue conveyed its interest in the premises, by deed, to non-appearing defendant EAST 78TH GARAGE LLC (East 78th Garage) (see NYSCEF Doc. No. 10, exhibit B to defendants' motion to dismiss, condominium garage unit deed, dated April 22, 2004).  The deed provides, in relevant part:

> "THIS INDENTURE, made as of April 22, 2004 between [RFD Third Avenue], a New York limited liability company, having an office at 400 Park Avenue, New York, New York 10022 ("Grantor") and [defendant] EAST 78TH GARAGE LLC, having an address at 400 Park Avenue, New York, New York 10022 ("Grantee").
>
> "That the Grantor, in consideration of Ten and 00/100 ($10.00) Dollars [] does hereby grant and release unto the Grantee, the heirs or successors and assigns of the Grantee, forever: The Condominium Unit ("Unit") known as the **Garage Unit** in the building ("Building") known as The Empire Condominium ("Condominium") and by the street number 188 East 78th Street . . ."

(id., [emphasis in original]).

The deed is executed by Trevor Davis, who served as president of both RFD Third Avenue and East 78th Garage (see id., signature page [signature of Trevor Davis, president, on behalf of RFD Third Avenue as grantor, and signature of Trevor Davis, president, on behalf of defendant East 78th Garage as grantee]).  The deed was thereafter duly recorded in the Office of the City Register on August 17, 2004, under CRFN number 2004000511422 (see id. [NYC Department of Finance, Office of the City Register, recording and endorsement cover page]).

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL
Motion No. 001

Page 4 of 20

4 of 20

Thereafter, notwithstanding that RFD Third Avenue no longer owned the premises, garage manager and RFD Third Avenue executed an amendment to the Agreement (Amended Agreement), which extended the term of the Agreement for an additional five years, through December 31, 2011 (see NYSCEF Doc. No. 03, exhibit A to the complaint, First Amendment of Garage Management Agreement between RFD Third Avenue and garage manager, dated January 01, 2007, and terminating on December 31, 2011). Otherwise, the Agreement remained unmodified (see id.).

Defendant RFR REALTY LLC (RFR Realty) executed the Amended Agreement "as agent" of RFD Third Avenue (see id. [signature of "Mark J. Granata, Jr., President, [defendant] RFR Realty LLC, as Agent" of RFD Third Avenue]).

Thirteen years after the Agreement expired, garage manager and plaintiff IMPERIAL PARKING (U.S.), LLC[2] (collectively, plaintiffs) commenced the instant action against RFD Third Avenue, RFR Realty, and East 78th Garage, asserting causes of action for breach of contract, account stated, and unjust enrichment (see NYSCEF Doc. No. 01, complaint, filed on December 20, 2024). Plaintiffs allege that as of December 19, 2024, "defendants have willfully refused to respond and/or make payment of the outstanding balance of [$86,315.24] due and owed

---

[2] The complaint fails to explain plaintiff IMPERIAL PARKING (U.S.), LLC's relationship to this action.

to plaintiffs" (id., at ¶ 13-14 [emphasis added]).  The complaint, however, contains no factual allegations describing the parties' dealings during the intervening thirteen-year period, nor does it specify the time period during which the alleged balance of $86,315.24 accrued.

Now, RFD Third Avenue and RFR Realty (collectively, moving defendants) move, by pre-answer notice of motion (sequence number 01), for an order dismissing the complaint pursuant to CPLR § 3211 (a)(1), based on documentary evidence, and/or pursuant to CPLR § 3211 (a)(7), for failure to state a cause of action (see NYSCEF Doc. No., 07, notice of motion to dismiss).

In support of their motion, moving defendants argue that dismissal is warranted because: (1) the Agreement expired by its own terms on December 31, 2011, thereby precluding plaintiffs' claims; (2) section 21 of the Agreement contains an exculpatory clause, and because RFD Third Avenue conveyed its interest in the premises to East 78th Garage in 2004, plaintiffs are barred from asserting any claims against RFD Third Avenue; and (3) plaintiffs cannot recover against RFR Realty because "a mere disclosed agent [such as RFR Realty] is not liable to plaintiffs under the [Agreement]" (NYSCEF Doc. No. 11, memorandum of law in support of motion to dismiss).

Plaintiffs oppose the motion and cross-move for leave to amend its complaint.  In opposition, plaintiffs conclusorily

659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL                Page 6 of 20
Motion No.  001

6 of 20

[* 6]

allege -- for the first time -- that "defendants created a shell corporation [defendant East 78th Garage], creating a de facto merger, in an attempt to shield defendants from liability under these very circumstances" (NYSCEF Doc. No. 14, plaintiffs' affirmation in opposition to defendants' motion to dismiss and in support of cross-motion). Plaintiffs do not, however, submit a proposed amended pleading.

ANALYSIS

*PLAINTIFFS' CROSS-MOTION TO AMEND ITS COMPLAINT*

CPLR § 3025 (b) provides that a motion to amend "shall be accompanied by the proposed pleading or supplemental pleading clearly showing the changes or additions to be made to the pleading." Failure to submit the proposed pleading as required by CPLR § 3025 (b) warrants denial of leave to amend (Anonymous v Anonymous, 167 AD3d 527, 528 [1st Dept 2018] [holding that "the husband's request for leave to amend the complaint [] was properly denied. The husband failed to submit a copy of the proposed pleading with the motion"]; see also Dragon Head LLC v Elkman, 102 AD3d 552, 553 [1st Dept 2013] [stating the same principle]; Pressley v City of New York, 233 AD3d 932, 939 [2d Dept 2024] [stating the same]).

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL          Page 7 of 20
Motion No. 001

7 of 20

[* 7]

Here, plaintiffs fail to submit the proposed amended pleading and do not provide any information regarding the nature of the proposed amendments (Pressley, 233 AD3d at 939). Therefore, the cross-motion to amend the complaint is denied.

*DEFENDANTS' MOTION TO DISMISS*

"On a CPLR § 3211 (a)(7) motion to dismiss for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true" (Alden Glob. Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 621-622 [1st Dept 2018] citing 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509 [1979]). Further, on such a motion, the complaint is to be construed liberally and all reasonable inferences must be drawn in favor of the plaintiff (see Leon v Martinez, 84 NY2d 83, 87 [1994]).

However, "[o]n a CPLR § 3211 (a)(1) motion to dismiss based upon documentary evidence, 'a dismissal is warranted [] if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (Alden Glob. Value Recovery Master Fund, L.P., 159 AD3d at 621, quoting Leon, 84 NY2d at 88; Carlson v Am. Int'l Group, Inc., 30 NY3d 288, 298 [2017]). "When evidentiary material is considered, the

criterion is whether the [plaintiff] has a cause of action, not whether [they] have stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).

"To qualify as documentary [evidence], the paper's content must be essentially undeniable and . . . assuming the verity of [the paper] and the validity of its execution, will itself support the ground on which the motion is based" (Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014] [internal citation and quotation marks omitted]; see also VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019] [holding that evidence qualifies as documentary evidence within the meaning of CPLR § 3211 (a)(1) only if it is unambiguous, undeniable, and of undisputed authenticity]).

As such, qualifying evidence includes "documents reflecting out-of-court transactions such as mortgages, deeds, [and] contracts" (Magee-Boyle v Reliastar Life Ins. Co. of New York, 173 AD3d 1157, 1159 [2d Dept 2019]; see also Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava, 144 AD3d 431 [1st Dept 2016] [unambiguous contracts constitute documentary evidence for the purposes of dismissal]).

659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL
Motion No. 001

Page 9 of 20

9 of 20

[* 9]

*Breach of Contract against*
*RFD Third Avenue (First Cause of Action)*

To establish a cause of action for breach of contract, a plaintiff must show <u>the existence of a contract</u>, plaintiff's performance thereunder, defendant's breach thereof, and resulting damages (<u>see</u> <u>generally</u> <u>34-06 73, LLC v Seneca Ins.</u> <u>Co.</u>, 39 NY3d 44, 51 [2022] [discussing the standard for a breach of contract in the context of a pleading]; <u>see</u> <u>also</u> <u>Second Source Funding, LLC v Yellowstone Capital, LLC</u>, 144 AD3d 445, 446 [1st Dept 2016]). This standard requires the plaintiff to demonstrate "'the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated'" (<u>Hempel v Wise</u>, 224 AD3d 574, 575 [1st Dept 2024], <u>quoting</u> <u>Matter of Sud v Sud</u>, 211 AD2d 423, 424 [1st Dept 1995]; <u>see</u> <u>also</u> <u>Harman Becker Auto. Sys., Inc. v Avnet, Inc.</u>, 237 AD3d 539, 541 [1st Dept 2025]).

Here, plaintiffs' own submissions conclusively establish that the Agreement, as amended, terminated by its own terms on December 31, 2011 (<u>see</u> NYSCEF Doc. No. 03, exhibit A to the complaint, Agreement between garage manager and RFD Third Avenue, dated December 08, 2003, and terminated on December 31, 2006, and Amended Agreement, dated January 01, 2007, and terminated on December 31, 2011). Plaintiffs do not dispute that the Agreement terminated in 2011, and indeed, expressly

**659778/2024 IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL**
Motion No. 001

**Page 10 of 20**

[* 10]

10 of 20

acknowledge that it "expired" (see NYSCEF Doc. No. 14, plaintiffs' affirmation in opposition, ¶ 12).

An unambiguous, expired contract -- which qualifies as documentary evidence pursuant to CPLR § 3211 (a)(1) -- insulates defendants from liability on a breach of contract cause of action, because "the criterion is whether the [plaintiff] has a cause of action, not whether [plaintiff has] stated one" (Guggenheimer, 43 NY2d at 275 [1977]).  Plaintiffs do not allege that, following the Agreement's expiration in 2011, it was renewed, modified, or extended -- either explicitly or implicitly (cf. Univ. Hill Realty, Ltd. v Akl, 214 AD3d 1467, 1468 [4th Dept 2023] [holding that "the contract submitted by defendants in support of their motion failed to utterly refute plaintiff's allegations that the contract was implicitly extended"]).  Accordingly, in the absence of a contract, no claim for breach of contract can be maintained.

Independently, the duly recorded deed (NYSCEF Doc. No. 10) -- which constitutes documentary evidence of ownership in real property -- clearly and unambiguously establishes that RFD Third Avenue conveyed its entire ownership interest in the premises to East 78th Garage in 2004 (see Adamkiewicz v Lansing, 288 AD2d 531, 532 [3d Dept 2001] [holding that the deed submitted by defendant established that it transferred ownership of the property several months before plaintiff's accident and

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL                Page 11 of 20
Motion No. 001

11 of 20

[* 11]

therefore, the complaint "fails to state a viable cause of action against defendant under any cognizable legal theory"]; see also Igarashi v Higashi, 289 AD2d 128 [1st Dept 2001]).  The complaint does not allege when the claimed balance accrued, nor does it provide any basis for this Court to infer that the claimed balance accrued prior to the transfer of ownership.[3]

Further, the deed, read together with section 21 of the Agreement -- which governed the parties' relationship until its expiration in 2011 -- clearly and unambiguously precludes plaintiffs from recovering against RFD Third Avenue personally, limiting plaintiffs' recovery solely to RFD Third Avenue's interest in the premises (see NYSCEF Doc. No. 03, exhibit A to complaint, § 21.1 [exculpatory clause]).  Thus, even if liability were otherwise established, plaintiffs have no recourse against RFD Third Avenue, which hasn't held an interest in the premises since 2004 (see id.).

In opposition, plaintiffs proffer nothing to refute the deed, nor do they challenge the enforceability of the Agreement or exculpatory clause contained therein.[4]  Instead, for the first time in their opposition papers, plaintiff assert unpled

---

[3] The complaint merely provides that the alleged balance was due and owing as of December 19, 2024 (see NYSCEF Doc. No. 01, complaint).

[4] Though unchallenged, it is important to note that a "nonrecourse provision is a contractual limitation on liability which, like other exculpatory clauses, is generally enforceable" (Iberdrola Energy Projects v Oaktree Capital Mgt. L.P., 231 AD3d 33, 42 at n 3 [1st Dept 2024]).

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL                  Page 12 of 20
Motion No. 001

claims that (1) the conveyance of the premises to East 78th Garage was fraudulent, and that (2) RFD Third Avenue entered into a "de facto" merger with East 78th Garage (see NYSCEF Doc. No. 14, plaintiffs' affirmation in opposition). The Court may not consider these unpled claims on a motion to dismiss (Stolzman v 210 Riverside Tenants, Inc., 229 AD3d 403, 405 [1st Dept 2024]).

In any event, both of these theories of liability require plaintiffs to plead the circumstances in detail in order to "inform a defendant [of] the incidents complaint of" (see CPLR § 3016 (b) [governing causes of action for fraud]; see also Pludeman v Northern Leasing Sys., 10 NY3d 486, 491 [2009] [holding that the specificity requirement in causes of action for fraud "is to inform a defendant with respect to the incidents complained of"]; Jefferies Finance LLC v BGC Partners, Inc., 2016 NY Slip Op 32391 [U] [Sup Ct NY Cnty 2016] [holding that the "complaint adequately alleges acts sufficient to support a theory of successor liability against (defendant) under the fraud exception"] [emphasis added], citing E. Concrete Materials Inc. v DeRosa Tennis Contractors, Inc., 139 AD3d 510, 513 [1st Dept 2016]). Plaintiffs' conclusory allegations improperly asserted for the first time in its opposition papers are woefully insufficient to satisfy the specificity

659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL
Motion No. 001

Page 13 of 20

requirement, and the breach of contract cause of action against

RFD Third Avenue is dismissed.[5]

*Account Stated against*
*RFD Third Avenue (Second Cause of Action)*

Plaintiffs' account stated cause of action must also be

dismissed. "An account stated claim is an account balanced and

rendered, with an assent to the balance express or implied; so

that the demand is essentially the same as if a promissory note

had been given for the balance" (TH Fashion Ltd. v Vince Holding

Corp., 230 AD3d 1079, 1079-1080 [1st Dept 2024], quoting Aronson

Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182, 185 [1st Dept

2024] [internal quotation marks omitted]). "In order to

establish an account stated, there must be a debtor and creditor

relationship between the parties as to the items forming the

account" (Paul, Weiss, Rifkin, Wharton & Garrison v Koons, 4

Misc3d 447, 450 [Sup Ct NY Cnty 2004] [Acosta, J.], quoting 1 NY

Jur2d Accounts & Accounting § 11 at 179-180).

An account stated cause of action assumes the existence of

an underlying indebtedness between the parties, or an express

agreement to treat a statement of debt as an account stated (see

---

[5] Though it is suspect that RFD Third Avenue conveyed its interest to East 78th Garage in 2004 and despite no longer being the owner of the premises, entered into an Amended Agreement with garage manager in 2011, the fact remains that the complaint is devoid of any allegations sufficient to withstand the instant motion (seq. no. 01) to dismiss.

[* 14]

<u>Dragonetti Bros. Landscaping Nursery & Florist, Inc. v Verizon New York, Inc.</u>, 208 AD3d 1125, 1126 [1st Dept 2022] [holding that an account stated claim failed because there was no alleged "'agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due'"], <u>citing</u> <u>Ryan Graphics, Inc. v Bailin</u>, 39 AD3d 249, 250 [1st Dept 2007] and <u>Interman Indus. Prods. v R.S.M. Electron Power</u>, 37 NY2d 151, 156 [1975] ["no written instrument" existed "by which the defendant . . . expressly obligated itself to make the payments required by the accounts stated"]).  "It cannot be used to create liability where none otherwise exists" (<u>Ryan Graphics, Inc.</u>, 39 AD3d at 251 [internal citations omitted]).

Section 21 of the Agreement expressly disclaims any personal liability on the part of RFD Third Avenue and limits any obligations solely to RFD Third Avenue's ownership interest in the premises (<u>see</u> NYSCEF Doc. No. 3, exhibit A to the complaint).  That ownership interest terminated in 2004, when RFD Third Avenue conveyed its entire interest in the premises to East 78th Garage by deed (<u>see</u> NYSCEF Doc. No. 10, exhibit B to defendants' motion to dismiss).  As with the breach of contract cause of action, plaintiffs have no recourse against RFD Third Avenue under an account stated claim.

659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL
Motion No.  001

Page 15 of 20

Although a transfer of ownership is not necessarily dispositive of an account stated claim -- particularly if plaintiffs continued invoicing RFD Third Avenue and receiving payments post-transfer -- plaintiffs were required to allege post-transfer conduct by RFD Third Avenue sufficient to support an account stated claim following RFD Third Avenue's 2004 conveyance of the premises.  The complaint contains no such allegations, and plaintiffs' opposition papers are silent as to the same (see generally NYSCEF Doc. No. 01, complaint).

Nor does the complaint allege any continuing contractual or creditor-debtor relationship with RFD Third Avenue after the Agreement expired in 2011, which is independently fatal to plaintiffs' claim (see TH Fashion Ltd., 230 AD3d at 1080). Because an account stated cause of action "cannot be used to create liability where none otherwise exists", the claim must be dismissed against RFD Third Avenue (Ryan Graphics, Inc., 39 AD3d at 251).

### Unjust Enrichment against
### RFD Third Avenue (Third Cause of Action)

Plaintiffs' unjust enrichment cause of action likewise fails.  To state a claim for unjust enrichment, a plaintiff must show "that (1) the other party was enriched, (2) at that party's expense and (3) that it is against equity and good conscience to

659778/2024  IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL
Motion No. 001

Page 16 of 20

permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]).  In order for an unjust enrichment claim to be viable, plaintiff must identify "what benefit was conferred on defendants" (Woods v 126 Riverside Dr. Corp., 64 AD3d 422, 424 [1st Dept 2009]).

Here, the previously discussed documentary evidence establishes that RFD Third Avenue conveyed its interest in the premises in 2004, and the complaint does not allege that RFD Third Avenue retained possession of, received revenues from, or otherwise benefitted from plaintiffs' management of the premises thereafter (see Innovative Sec. Ltd. v OBEX Sec. LLC, 231 AD3d 646, 648 [1st Dept 2024] [holding that the cause of action for unjust enrichment "was properly dismissed as against the remaining defendants, because plaintiff has not alleged that they received any benefit of" plaintiff's services]).

*RFR Realty – All Causes of Action*

The complaint fails to state a cognizable theory of liability against RFR Realty, an entity that was not a party to the Agreement (see generally NYSCEF Doc. No. 01, complaint). Although plaintiffs' complaint and opposition papers are underdeveloped, plaintiffs' theory of liability, to the extent

[* 17]

discernible from the record, appears to rest on the fact that RFR Realty signed the Amended Agreement on RFD Third Avenue's signature line.

"An agent who acts on behalf of a disclosed principal is [generally] not liable for a breach of contract" (Bank of Am., N.A. v ASD Gem Realty LLC, 205 AD3d 1, 7 [1st Dept 2022], citing Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]). "However, even an agent for a disclosed principal can be held personally liable for breach of contract if there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal" (Bank of Am., N.A., 205 AD3d at 7 [internal quotation marks omitted]). "The best indicator of that intent is the form of the signature" (Savoy Record Co., 15 NY2d at 6). "Thus, where the agent signed [] an agreement 'As Agent on Behalf of' a disclosed principal [] the agent was not liable for breach of contract" (Bank of America, N.A., 205 AD3d at 7, citing Savoy Record Co., 15 NY2d at 3, and Tobron Off. Furniture Corp. v King World Prods., Inc., 161 AD2d 355, 356 [1st Dept 1990]).

Here, on the signature page of the Amended Agreement, which again, qualifies as documentary evidence pursuant to CPLR § 3211 (a)(1), there is a signature line for "RFD THIRD AVENUE I ASSOCIATES LLC, Owner" (NYSCEF Doc. No. 03, exhibit A to complaint, Amended Agreement, dated January 1, 2007). The

signature is that of "Mark J. Granata, Jr., President, RFR Realty LLC, <u>As Agent</u>" (<u>id.</u> [emphasis added]). The mere act of signing a contract as agent for a disclosed principal does not, without more, impose personal liability on the agent (<u>see Regal Commodities v Tauber</u>, 225 AD3d 907, 908 [2d Dept 2024]).

Further, there is no indication in the record that RFR Realty ever intended to substitute or superadd its personal liability for, or to that of, RFD Third Avenue, nor do plaintiffs argue otherwise. Therefore, because RFR Realty signed the Amended Agreement "As Agent" of RFD Third Avenue, plaintiffs' breach of contract claim against RFR Realty is unwarranted.

The same is true for the account stated and unjust enrichment causes of action (<u>see Bridgewater Equities v Dominguez</u>, 2011 WL 11075229, *4 [Sup Ct NY Cnty 2011], <u>citing Joan Hansen & Co., Inc. v Everlast World's Boxing Headquarters Corp.</u>, 296 AD2d 103, 108 [1st Dept 2022]; <u>see also Trinchese Const., Inc. v Escarza</u>, 2019 NY Slip Op 31038 [U], *3 [Sup Ct NY Cnty 2019]), and those causes of action are dismissed against RFR Realty as well.

Accordingly, it is hereby

ORDERED that the motion (seq. no. 01) to dismiss of defendants RFR REALTY LLC and RFD THIRD AVENUE I ASSOCIATES LLC is granted; it is further

ORDERED that plaintiffs' breach of contract, account stated, and unjust enrichment causes of action are dismissed against defendant RFD THIRD AVENUE I ASSOCIATES LLC; it is further

ORDERED that plaintiffs' breach of contract, account stated, and unjust enrichment causes of action are dismissed against defendant RFR REALTY LLC; it is further

ORDERED that plaintiffs' cross-motion to amend its complaint is denied; it is further

ORDERED that, within twenty days from the date of this decision and order, plaintiffs shall serve a copy of this order, with notice of entry, on defendants; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

|  |  |
|---|---|
| **2/26/2026** | *Emily Morales-Minerva* |
| **DATE** | **EMILY MORALES-MINERVA, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED   ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**659778/2024   IMPARK HSW LLC ET AL vs. RFR REALTY LLC ET AL**                    **Page 20 of 20**
**Motion No.  001**

20 of 20

[* 20]